```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF VIRGINIA
                      Norfolk Division
```

BMO HARRIS BANK N.A.,

        Plaintiff,

v.                                              Civil No. 2:19cv14

TED BASNIGHT, d/b/a,
*BASNIGHT HAULING*,

        Defendant.

## MEMORANDUM ORDER

This matter is before the Court on an unopposed motion for default judgment filed by plaintiff BMO Harris Bank N.A. ("Plaintiff") against defendant Ted Basnight, doing business as Basnight Hauling ("Defendant"). For the reasons discussed below, the Court **GRANTS** Plaintiff's motion for default judgment.

### I. BACKGROUND

Plaintiff is a national banking association located in Chicago, Illinois. Compl. ¶ 1, ECF No. 1. Defendant is an individual resident and citizen of the Commonwealth of Virginia, and he has registered the trade name "Basnight Hauling" with the Circuit Court Clerk for the City of Chesapeake, Virginia. Id. ¶ 2. The parties entered into a loan and security agreement on

June 2, 2017 ("Agreement"), in which Plaintiff agreed to finance Defendant's purchase of a 2018 Kenworth T880 Tractor ("Collateral") and Defendant agreed to pay Plaintiff $224,630.70, including interest. Id. ¶ 8. In consideration for entering into the Agreement, Defendant also granted Plaintiff a first-priority security interest in the Collateral. Id. ¶ 9. Plaintiff perfected its security interest by recording its lien on the Certificate of Title. Id.

The terms of the Agreement provide that, if Defendant failed to make a payment, such failure would result in default. Id. ¶ 10. Defendant failed to make the payment due on March 1, 2018, and all subsequent payments. Id. ¶ 12. On October 5, 2018, Plaintiff notified Defendant of his default and demanded Defendant pay the amount due and surrender the Collateral. Id. ¶ 19. Defendant has neither paid nor surrendered possession of the Collateral. Id. ¶ 20-21.

Plaintiff filed a Verified Complaint stating the above allegations on January 9, 2019. Compl., ECF No. 1. Defendant was personally served on February 1, 2019. Returned Summons, ECF No. 5. Defendant failed to respond within the twenty-one-day deadline. Plaintiff requested entry of default on February 26, 2019, and the clerk entered default that day. Pl.'s Req., ECF No. 7; Clerk Entry, ECF No. 8. Plaintiff then filed the instant motion for

default judgment on March 28, 2019, ECF No. 9. Defendant has yet to respond in any way.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 55 provides that entry of default is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). After securing entry of default, a plaintiff may then move for entry of default judgment. Fed. R. Civ. P. 55(b). "A court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right." EMI April Music, Inc. v. White, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009) (citation omitted).

When a defendant defaults, he or she "admits the plaintiff's well-pleaded allegations of fact." Ryan v. Homecomings Financial Network, 253 F.3d 778, 780 (4th Cir. 2001) (citation omitted). To present well-pleaded allegations of fact, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Accordingly, in resolving a motion seeking default judgment, the court must "determine whether the well-pleaded allegations in [the plaintiff's] complaint

3

support the relief sought in th[e] action." Ryan, 253 F.3d at 780 (citation omitted).

Although well-pleaded factual allegations must be accepted as true, a party in default does not admit allegations as to the amount of damages. See Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). For this reason, after a district court concludes that liability is established in the default judgment context, it must then independently calculate damages. To assess the extent of a plaintiff's damages, a district court may conduct an evidentiary hearing under Rule 55(b)(2), but it "need not do so . . . if the damages can be ascertained based on detailed affidavits or documents attached to the plaintiff's motion." Anderson & Strudwick, Inc. v. IBD-Placement & Recruiting Services, LLC, No. 3:11cv818, 2012 U.S. Dist. LEXIS 65914, at *10-11 (E.D. Va. May 10, 2012) (citing Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians, 155 F.3d 500, 507 (4th Cir. 1998)).

### III. ANALYSIS

#### A. Jurisdiction, Venue, and Service of Process

As a preliminary matter, the Court finds that jurisdiction, venue, and service of process are proper. The Court clearly has subject matter jurisdiction because there is complete diversity and the amount in controversy exceeds $75,000. See 28 U.S.C. §

1332; Compl. ¶¶ 1-5. Personal jurisdiction exists because Defendant is a resident and citizen of the Commonwealth of Virginia. See Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile"); Compl. ¶ 2. Venue is appropriate because Defendant resides in the Eastern District of Virginia and the events that gave rise to the cause of action occurred in this district as well because the Collateral is located here. See 28 U.S.C. § 1391(b); Compl. ¶¶ 6-7.

Additionally, for the Court to enter default judgment, Defendant must have been properly served with process. Service of process was proper in this case because Defendant was personally served at his residence: 1911 Peartree Street, Chesapeake, Virginia. See Fed. R. Civ. P. 4; Compl. ¶ 2; Returned Summons 2.

### B. Adequacy of Allegations

A Defendant in default admits the truth of all of the well-pleaded allegations; therefore, the Court need only determine whether Plaintiff has adequately alleged its claims. See Ryan, 253 F.3d at 780. Plaintiff alleges that Defendant breached the Agreement and that, as a result, Plaintiff is entitled to

injunctive relief, specific performance, monetary damages, and, in the alternative, detinue.[1] Compl. ¶¶ 25-59.

Under Texas law, the law chosen by the parties in the Agreement,[2] a party must satisfy the following elements to prove a breach of contract claim: "(1) the existence of a valid contract; (2) the plaintiff performed or tendered performance as the contract required; (3) the defendant breached the contract by failing to perform or tender performance as the contract required; and (4) the plaintiff sustained damages as a result of the breach." USAA Tex. Lloyds Co. v. Menchaca, 545 S.W.3d 479, 501 n.21 (Tex. 2018).

Plaintiff has adequately alleged these elements. First, Plaintiff alleges that the Agreement is a valid, enforceable contract and attached a copy of the signed Agreement to the

---

[1] In its motion, Plaintiff does not seek detinue under Virginia law. Therefore, the Court does not address whether detinue is appropriate in this case.

[2] Because Plaintiff asks this Court to interpret the contract provisions, the Court must determine which state's laws govern their interpretation. As a federal court exercising diversity jurisdiction, the Court must apply the choice of law rules of the state in which it sits. See Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496-97 (1941); see also Resource Bankshares Corp. v. St. Paul Mercury Ins. Co., 407 F.3d 631, 635 (4th Cir. 2004). "Virginia law looks favorably upon choice of law clauses in a contract, giving them full effect except in unusual circumstances." Colgan Air, Inc. v. Raytheon Aircraft Co., 507 F.3d 270, 275 (4th Cir. 2007) (citing Hitachi Credit Am. Corp. v. Signet Bank, 166 F.3d 614, 624 (4th Cir. 1999)).
  Here, Plaintiff states, in the Verified Complaint, that Texas law should apply. Compl. ¶ 7. Additionally, the Agreement states that "the transactions contemplated by this Agreement shall be deemed approved and entered into within the State of Texas and all credit or other financial accommodations extended by Lender under this Agreement shall be deemed extended from and subject to the laws of the State of Texas (without regard to the conflicts of law principles of such State) regardless of the location of Debtor or any of the Equipment." Sec. Agreement 5, ECF No. 1-2. Therefore, the Court will adhere to the choice of law clause in the contract and apply Texas law to interpret the contract.

Verified Complaint as proof. Compl. ¶ 32; Sec. Agreement, ECF No. 1-1. Second, pursuant to the Agreement, Plaintiff alleges it performed as the contract required by financing Defendant's purchase of the Collateral. Compl. ¶¶ 8, 24, 40; Sec. Agreement 1; Hamilton Aff. ¶ 22, ECF No. 9-1. Third, Plaintiff alleges Defendant agreed to pay Plaintiff $224,630.70, including interest, in monthly installments, but failed to perform this obligation under the contract by neglecting to make the March 1, 2018 payment and all subsequent payments. Sec. Agreement 1; Compl. ¶¶ 8, 12. According to the terms of the Agreement, failure to pay is an event of default. Sec. Agreement 3. Upon Defendant's default, Plaintiff alleges it mailed Defendant a letter notifying him of the default and demanding he pay the amounts due and surrender the Collateral pursuant to the terms of the Agreement. Compl. ¶ 19; Letter, ECF No. 1-4. Plaintiff alleges that, despite this demand, Defendant has yet to pay the amounts due or to surrender possession of the Collateral. Compl. ¶¶ 20-21. Thus, Plaintiff has adequately alleged that Defendant is in default and breached the Agreement by failing to pay and by failing to surrender the Collateral on default. Fourth, Plaintiff has adequately alleged that it sustained damages as a result of Defendant's breach because Plaintiff has not received either money or the Collateral in return for the loan it made to Defendant in accordance with the terms of the Agreement. See Compl. ¶¶ 18, 20-21, 30, 37, 41-42.

Accordingly, Plaintiff has sufficiently alleged that Defendant breached the contract by defaulting and then failing to pay and surrender the Collateral upon default in accordance with the terms of the Agreement. Because Defendant has failed to respond, and the allegations are sufficient, the Court finds that default judgment is appropriate in this case and **GRANTS** Plaintiff's motion for default judgment.

### C. Remedies

The Agreement provides that, upon default, Plaintiff is entitled to (1) declare the Agreement in default, (2) declare all indebtedness to be immediately payable, and (3) "exercise all rights and remedies of a secured party under the Uniform Commercial Code and other applicable laws, including the right to require Debtor to assemble the Equipment and deliver it to Lender at a place to be designated by Lender and to enter any premises where the Equipment may be without judicial process and take possession thereof." Sec. Agreement 3. Plaintiff's rights after default, under the Texas version of the Uniform Commercial Code, include the right to take possession of the Collateral. Tex. Bus. & Comm. Code § 9.609. Additionally, the Agreement provides that Defendant shall pay Plaintiff all expenses of retaking, holding, preparing for sale, selling and the like, of the Collateral, including attorneys' fees and other legal expenses. Sec. Agreement 3.

Plaintiff is also entitled to interest and fees upon default and acceleration. Id.

Plaintiff declares that the amount due under the Agreement is not less than $177,319.30. As of the date of acceleration after default, Plaintiff states that the principal amount due is $162,344.52. Compl. ¶ 13; Hamilton Aff. ¶13; Pl.'s Ex. D. (Loan Damage Calc.), ECF No. 9-1. According to Plaintiff, Defendant also owes interest in the amount of $13,700.54, late fees in the amount of $303.56, and other fees in the amount of $970.68. Hamilton Aff. ¶¶ 15-17; Pl.'s Ex. D. (Loan Damage Calc.). This totals the requested $177,319.30. Additionally, Plaintiff asserts that Defendant owes additional interest at a rate of $81.17 per diem after December 7, 2018. Hamilton Aff. ¶15.

In order for the Court to enter default judgment in the requested amount ($177,319.30 plus $81.17 per diem interest) without an evidentiary hearing, Plaintiff must present detailed affidavits and documents proving the requested damages. See Anderson & Strudwick, Inc., 2012 U.S. Dist. LEXIS 65914, at *10-11. Plaintiff has satisfied its burden by presenting the Court with (1) an affidavit of Rose Hamilton, a litigation specialist for Plaintiff who has personal knowledge of the Agreement and of Plaintiff's books and records; (2) a copy of the Agreement; (3) a copy of the notice of default letter; (4) and a copy of the loan damage calculation, all of which are attached to the motion and

9

cited above in support of Plaintiff's allegations. ECF No. 9-1. These documents support Plaintiff's request for monetary damages in the amount of $177,319.30, plus $81.17 in interest <u>per diem</u>. Accordingly, the Court **GRANTS** Plaintiff default judgment in the amount of $177.319.30, with interest accruing thereon in the amount of $81.17 per day after December 7, 2018.

Moreover, by the terms of the Agreement and the Uniform Commercial Code, Plaintiff is entitled to take possession of the Collateral. Tex. Bus. & Comm. Code § 9.609; Sec. Agreement 3; Hamilton Aff. ¶ 25. Additionally, under the Agreement, Defendant is obligated to "assemble the [Collateral] and deliver it to [Plaintiff] at a place to be designated by [Plaintiff]" and to pay all expenses of retaking, holding, preparing for sale, and selling the Collateral. Sec. Agreement 3; <u>accord</u> Hamilton Aff. ¶ 24. Therefore, the Court **ORDERS** that Defendant surrender possession of the Collateral to Plaintiff and Plaintiff be awarded final possession of the Collateral.

Under to the authority granted to it by the Agreement, Plaintiff may "sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing." Tex. Bus. & Comm. Code § 9.610. The Court notes that, pursuant to the Uniform Commercial Code, Plaintiff is obligated to reduce the secured obligation by applying any funds received from the Collateral to

10

the secured obligation. Tex. Bus. & Comm. Code § 9.207(c)(2). Accordingly, if Plaintiff takes possession of the Collateral, it must use any money received from the Collateral to reduce Defendant's obligation. See BMO Harris Bank N.A. v. A & M Trucking, Inc., Civil No. 17-00598, 2018 U.S. Dist. LEXIS 141702, at *19-20 (D. Haw. July 25, 2018), report and recommendation adopted by 2018 U.S. Dist. LEXIS 141356 (D. Haw. Aug. 20, 2018) (requiring, pursuant to an identical provision of Hawaii law, that the plaintiff keep the Collateral identifiable and use the collateral as agreed to by the parties or use it "for the purpose of (1) preserving the Collateral or its value, or (2) reducing Defendants' obligation under the applicable agreements"); see also BMO Harris Bank N.A. v. BKSG Transp. LLC, No. 1:17cv586, 2018 U.S. Dist. LEXIS 154056, at *29-30 (E.D. Cal. Sept. 10, 2018), report and recommendation adopted by 2018 U.S. Dist. LEXIS 224892 (E.D. Cal. Sep. 26, 2018) (reducing the plaintiff's monetary judgment by the "net proceeds received from the liquidation of" the collateral).

Plaintiff also seeks an injunction (1) preventing Defendant and others from continuing to use the Collateral, (2) requiring Defendant to advise Plaintiff of the location of the Collateral, and (3) ordering surrender of the Collateral to Plaintiff. Because the Court has now granted Plaintiff the relief requested and because Plaintiff has not shown that the monetary damages and order

of possession of the Collateral in accordance with the terms of the Agreement are insufficient remedies, the Court does not find additional injunctive relief necessary at this time. Accordingly, the Court **DENIES** Plaintiff's request for additional injunctive relief.

### D. Attorneys' Fees

Under the terms of the Agreement, Plaintiff is entitled to reasonable attorneys' fees, expenses, and costs incurred in enforcement and collection. Sec. Agreement 3. Plaintiff has requested that the Court stay the fourteen-day deadline for filing a motion for attorneys' fees set forth in Rule 54(d)(2) in order to allow Plaintiff to include the fees that will be expended in taking possession of the Collateral. Federal Rule of Civil Procedure 54(d)(2) provides that "<u>[u]nless a statute or a court order provides otherwise</u>, the motion [for attorneys' fees] must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ P. 54(d)(2)(B)(i). Because there will likely be additional fees incurred following Plaintiff taking possession of the Collateral, the Court **GRANTS** Plaintiff's request to stay the deadline for filing its motion for attorneys' fees until it has taken possession of the Collateral. Plaintiff must file its motion for attorneys' fees within **fourteen (14) days** of taking possession.

## IV. CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's motion for default judgment and enters judgment in Plaintiff's favor. Accordingly, the Court **ORDERS** that:

- Defendant shall pay Plaintiff an amount of $177,319.30 plus $81.17 per day following December 7, 2018, less any net proceeds received from the Collateral.
- Defendant shall surrender possession of the Collateral, at his own expense, and Plaintiff is awarded final possession of the Collateral.

Additionally, Plaintiff's request to stay the time period for filing attorneys' fees is **GRANTED** and Plaintiff is **ORDERED** to file a motion for attorneys' fees within **fourteen (14) days** of taking possession of the Collateral. Costs will be taxed by the Clerk following entry of judgment.

The Clerk is **REQUESTED** to send a copy of this Memorandum Order to counsel for Plaintiff, and to Defendant at 1911 Peartree Street, Chesapeake, VA 23324.

**IT IS SO ORDERED.**

/s/ *[signature]*
Mark S. Davis
Chief United States District Judge

August 21, 2019
Norfolk, Virginia